Filed 3/27/14  P. v. Dang CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039080 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC953164) |
| v. | |
| PHUC NGUYEN DANG, | |
| Defendant and Appellant. | |

## INTRODUCTION

Defendant Phuc Nguyen Dang appeals from an order extending his probation term.  He claims that the trial court did not have jurisdiction to modify the probation term because there were no changed circumstances since the time of the original order.  For the reasons stated below, we will affirm the order.

## BACKGROUND[1]

Defendant was in a dating relationship with the victim.  On August 29, 2009, defendant and the victim got in an argument.  Defendant took the victim's phone and got into his car to leave.  As defendant was backing out of the driveway, the victim jumped onto the hood of the car.  Defendant drove down the street with the victim on the hood and then stepped on his brakes.  The victim fell off the car and injured her head.  At the

_____

[1] The factual background is taken from the probation report.

hospital, defendant initially told the police officers that the victim had been injured in a skateboarding accident. The victim had brain surgery later that evening. The surgeon said that the victim would survive but would never be the same. The surgeon indicated that if defendant had been truthful about the accident when he first arrived at the hospital, some damage could have been prevented.

In March 2010, defendant pleaded no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[2] and admitted the allegation that he personally inflicted great bodily injury during the commission of a domestic violence felony (§ 12022.7, subd. (e)). Defendant signed a plea form, which specified that the maximum sentence for his offense was nine years. The plea form also stated that he would have to pay restitution to the victim. At the change of plea hearing, defense counsel indicated that he informed defendant that he "could be required to pay restitution which could be significant in this case."

At sentencing on April 2, 2010, the trial court suspended imposition of sentence and placed defendant on probation for three years with various conditions, including that he serve 364 days in jail, pay various fines and fees, and pay victim restitution in the amount of $139,915.78. Defendant was referred to the Department of Revenue for a determination of the ability to pay the fines and fees. The court did not make an order regarding a payment plan for victim restitution.

On July 19, 2010, at a domestic violence probation review hearing, defendant expressed that he had difficulty with the $186 monthly payments of the fines and fees he was ordered to pay the Department of Revenue. The trial court reduced the monthly payment amount to $50, and it stayed those fines and fees until July 1, 2011. The court noted that the "direct restitution payment to [the] victim for losses that she sustained, that isn't stayed. You still need to make that right with the victim."

---

[2] All further statutory references are to the Penal Code unless otherwise specified.

2

On July 12, 2011, defendant again sought relief from the fines and fees. The trial court stayed the payment of the fines and fees for six months until January 1, 2012, at which he would start paying $50 a month.

On November 20, 2012, the probation officer reported that defendant failed to pay victim restitution in the full amount as ordered by the court. The balance owed was $139,265.78. The probation officer noted that defendant "has made consistent monthly payments in the amount of $50 (Court Order dated 07/12/2011), but Probation is due to expire on April 25, 201[9], and Victim Restitution will not be completed." In a memorandum to the trial court, the probation officer indicated that after the sentencing hearing, the court set victim restitution payments at $50 per month and allowed defendant to start his payments on January 1, 2012.[3] The probation officer stated that victim restitution will not be completed before probation was set to expire, and thus, he recommended extending probation.

At a hearing on November 29, 2012, defendant argued that there was no changed circumstance justifying an extension. The court adopted the recommendation of the probation department and extended defendant's probation to the maximum term, which was to April 25, 2019. The court ordered defendant to provide financial declaration information to the probation department, and it put the matter on the restitution calendar for further review and discussion of payments.

## DISCUSSION

Defendant contends that the trial court lacked jurisdiction to extend probation to the maximum term because there was no change in circumstances shown.

---

[3] We note that the trial court did not specify that the $50 monthly payments pertained to victim restitution. However, according to the probation department's records, the probation department apparently construed the trial court's July 12, 2012 order as fixing defendant's monthly payments of victim restitution at $50, starting on January 1, 2012.

"A court may revoke or modify a term of probation at any time before the expiration of that term.  (§ 1203.3.)  This power to modify includes the power to extend the probationary term.  [Citation.]  Pursuant to section 1203.2, subdivision (b) . . . a court, on sufficient notice to the probationer, may '*modify,* revoke, or terminate the probation of the probationer upon the grounds set forth in [section 1203.2,] subdivision (a) if the interests of justice so require.' " (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095 (*Cookson*).)  Under section 1203.1, subdivision (a), an order of probation may be imposed for five years or the maximum term of imprisonment, whichever is longer.  (*Cookson, supra,* 54 Cal.3d at p. 1094, fn. 2.)  However, a change in circumstance is required before a court has jurisdiction to extend or otherwise modify probation, and an order modifying the terms of probation based upon the same facts as the original order granting probation is in excess of the court's jurisdiction, for the reason that there is no factual basis for it.  (*Id.* at p. 1095; *In re Clark* (1959) 51 Cal.2d 838, 840; *In re Bine* (1957) 47 Cal.2d 814, 818.)

In *Cookson,* the trial court ordered the defendant to make complete restitution to the victim and to do so in accordance with terms to be set by the probation department.  The probation department determined total restitution to be $12,000 and directed the defendant to make monthly payments of $100.  When probation was about to expire, the probation department realized that the defendant could not comply with the court's order to make complete restitution before his term of probation expired because they had set his monthly payments too low.  The day before probation was set to expire, the probation department sought to extend the term and increase the monthly payment so that the defendant could comply with the condition that he make full restitution.  The court granted the petition and modified probation.  (*Cookson, supra,* 53 Cal.3d at p. 1094.)

In affirming, the appellate court concluded that although the defendant's inability to comply with the trial court's order was not his fault, "the trial court had jurisdiction to modify the probation because defendant's inability to pay amounted to a change of

4

circumstance." (*Cookson, supra,* 53 Cal.3d at p. 1095.) The Supreme Court affirmed. The court stated that "the Court of Appeal correctly determined that a change in circumstance could be found in a fact 'not available at the time of the original order,' namely, 'that setting the pay schedule consistent with defendant's ability to pay had resulted in defendant's inability to pay full restitution as contemplated within the original period of probation.' " (*Ibid.*) The court noted that "[a]llowing modification of probation to facilitate the recovery of restitution as originally contemplated by the court enables the court to fashion a remedy that best serves the goals of probation. (*Id.* at p. 1097.)

Defendant contends that *Cookson* is distinguishable from the present case because there, the trial court contemplated that full restitution would be paid during the original probationary period. He also contends that here, unlike *Cookson*, there is an absence of a payment schedule on the record. We reject these contentions and conclude that *Cookson* is applicable to the present case.

Here, as in *Cookson*, *supra,* 53 Cal.3d at page 1095, defendant's failure to pay full restitution within the original probation term constituted a changed circumstance allowing the trial court to modify probation. (See also *People v. Medeiros* (1994) 25 Cal.App.4th 1260, 1263.) Similar to the defendant in *Cookson*, defendant made monthly payments towards the full victim restitution amount of $139,915.78, but was unable to pay the full amount before the expiration of his original probation term. Because of this changed circumstance, the trial court had jurisdiction to extend probation to the maximum term to ensure that defendant paid the full amount of restitution owed to the victim. As the maximum sentence for defendant's crime was nine years, the court properly extended probation to April 25, 2019.

**DISPOSITION**

The order modifying probation is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

6